UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GALES <br> 10725 Bryant Ave <br> Cleveland, OH 44108 <br><br> on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PRIME COMMUNICATIONS INC. <br> c/o Statutory Agent CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH 43219 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff Michael Gales, by and through counsel, and for his Complaint against Prime Communications Inc. ("Defendant"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts

business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff Michael Gales ("Plaintiff Gales") was a citizen of the United States.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a foreign corporation organized and existing under the laws of the State of Nebraska, and licensed to conduct business in the State of Ohio.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as he used tools, products, and equipment that traveled in interstate commerce.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant Prime Communications Inc is an authorized reseller of electronic equipment for AT&T. Defendant operates over 50 retail locations in the State of Ohio, including in Brooklyn, Ohio and Parma Heights, Ohio.

13. Plaintiff Gales was employed by Defendant as a Retail Store Manager in Ohio between December 2014 and October 2017.

14. Other similarly-situated employees were employed by Defendant as Sales Consultants, Retail Store Managers, and Loss Prevention Analysts at locations in Ohio throughout the United States.

15. Plaintiff and other similarly-situated employees were classified by Defendant as non-exempt employees.

16. Plaintiff and other similarly-situated employees were paid by Defendant on an hourly basis, plus commissions.

17. Plaintiff and other similarly-situated employees earned less in commissions than their hourly wages.

**(Failure to Pay for All Hours Worked)**

18. Defendant has a policy that requires employees to clock out after working 10 hours per day.

19. However, Defendant required Plaintiff and other similarly-situated employees to keep working and finish their job duties after clocking out and/or getting clocked out.

20. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work off-the-clock at the end of their shifts, including, but not limited to:

  (a) taking care of customers;

(b) cleaning the store;

(c) preparing checklists

(d) putting away shipments

(e) organizing paperwork; and

(f) closing the store.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

22. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

23. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

24. Plaintiff estimates that he and other similarly-situated employees spent approximately 5 to 10 hours each week performing this unpaid work after clocking out.

25. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after they performed the aforementioned work.

26. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

27. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees.

28. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-

situated employees for their end of shift and off-the-clock work.

**(Failure to Pay Overtime Compensation)**

29. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

31. Defendant required Plaintiff and other similarly-situated employees to perform various tasks and forms of labor without being clocked in.

32. As such, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees after clocking out each day.

33. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work after clocking out amounted to approximately 5 to 10 hours per week.

**COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current employees employed by Prime Communications Inc. nationwide during any period of time between December 4, 2014 and the present.

36. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of several thousand persons.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is a representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

38. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf himself and all other members of the class ("the Ohio Class") defined as:

> All former and current employees employed by Prime Communications Inc in the State of Ohio during any period of time between December 4, 2014 and the present.

40. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

41. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

a) whether Defendant failed to pay employees for all hours

> worked each day;
>
> b) whether Defendant failed to pay overtime compensation to their employees for hours worked in excess of 40 each workweek;
>
> c) whether Defendant's actions were knowing and willful; and
>
> d) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

42. Named Plaintiff Michael Gales will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

# COUNT ONE
## (Fair Labor Standards Act Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendant regularly, uniformly, and systematically failed to pay Plaintiff and other similarly situated employees for work performed at the end of their shifts and off-the-clock each day.

47. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed at the end of their shift and off-the-clock each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

48. Defendant regularly, uniformly, and systematically failed to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

50. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 CFR 516.2(a)(7).

51. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

52. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them

pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Defendant's practice and policy of practice and policy of not paying Plaintiff and other similarly situated employees for work performed at the end of their shift and off-the-clock each day violated the OMFWSA, R.C. 4111.03.

55. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

56. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the OMFWSA, R.C. 4111.03.

57. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendant liable, and:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

  /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff
